No. 44694.—Petition 5762–R of J. A. Forrest (Pembina).

DALLINGER, Judge: This petition was filed under section 489, Tariff Act of 1930, for remission of additional duties imposed by the collector of customs at the subport of Noyes, Minn., upon certain bran and shorts which were exported by the Quaker Oats Co. of Saskatoon, Canada, and entered in April and May, 1935, at said subport, at less than the final appraised value.

At the hearing held at Minneapolis, Minn., on February 21, 1940, the petitioner offered in evidence the testimony of two witnesses.  The first, J. A. Forrest, Jr., testified that he was a member of the firm of J. A. Forrest Co. of Minneapolis, which, in 1935, was doing business under the name of J. A. Forrest; that he had charge of all customs entries; that several cars of bran and shorts constituting the importation at bar where shipped from Saskatoon, Saskatchewan, to the United States through the port of Noyes, Minn., during the months of April and May, 1935; that W. F. Mackay of Noyes was the firm's customs broker there to whom instructions were given to enter the merchandise from information contained in the consular invoices, and to be sure that the United States Government received the correct amount of duty for each of the cars; that this was in accordance with the usual practice of the firm which had been followed for about 8 years; that the witness never intended to defraud the Government or to deceive the appraiser; that there was no other course that the witness might have taken under the circumstances; that at the time of the importation there was no arrangement such as exists at the present time for making possible amendments of entries, and that he had been ready at all times to submit information to the appraiser.

On cross-examination the witness testified that he did not give any special instructions to Mackay with reference to this particular importation, but had given him general instructions as to all importations for the firm's account.

The second witness, William Fraser Mackay, testified that he had been a customs broker at the port of Noyes for about 35 years; that he had made the entries in the instant case on behalf of J. A. Forrest; that he entered on the basis of the value shown in the invoices received with the shipment; that at the time he considered that to be the proper dutiable value of the merchandise; that he understood that between the certification of the invoice and the date when the merchandise crossed

the border the market had gone up; that there was no way of securing information as to market values at Noyes, and the appraiser was not permitted to give information in his possession; and that in making the entries at the invoice prices he had no intention of defrauding the United States or deceiving the appraiser.

On cross-examination he testified that at the time of making the entries the appraiser at Noyes told him that in his opinion he was entering the merchandise at too high a value; that the reason for his making out the entry at 3 o'clock in the morning was the necessity of getting the train out; that the entry was filed the next morning; that there was no way of obtaining market values at Noyes; that he had gone through the Grain Exchange many times and had always found a difference of opinion between the grain dealers themselves; that he had known special agents to investigate for years to determine the market value in different places in Canada; and that in entering at the invoice prices he believed he was doing the right thing.

From this record we are of the opinion that both the petitioner and his customs broker acted in good faith in the matter of the instant importation. The theory of Government counsel appears to be that the broker should have ascertained a different market value from that set forth in the invoice from someone, somewhere, during the early hours of the morning when the cars containing the shorts and bran in issue crossed the border and entry had to be made, in spite of the fact that the witness Mackay has repeatedly testified in this and previous cases that such a course is impossible.

As pointed out by counsel for the petitioner in their brief, it often takes months for the Government to ascertain the correct dutiable value of imported merchandise. In the instant case, although the entries were made in April and May, 1935, the merchandise was not appraised until November 19, 1935, or 6 months after the last entry was made. In other words, it took the Government, with all its known facilities, 6 months to determine the correct dutiable value, and yet counsel for the Government apparently expects that a customs broker should be able to make that same determination in the few hours between the time when the car crosses the border and the time when entry must be made.

Upon the entire record we are satisfied as to the good faith of petitioner in the premises, and that the entry of the merchandise at a less value than that returned upon final appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise.

The petition is therefore granted.